IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CINDY MINOR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:05-CV-339 |
| | § | |
| ALCATEL USA RESOURCES, INC., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been previously referred to United States Magistrate Judge Don D. Bush pursuant to 28 U.S.C. § 636.  On May 1, 2007, the Report of the Magistrate Judge was entered containing his proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment on Plaintiff's discrimination and compensation claims be GRANTED and Defendant's Motion for Summary Judgment as to Plaintiff's retaliation claims be DENIED.  The Court has made a *de novo* review of the objections raised by Plaintiff.

According to "COUNT ONE" of Plaintiff's *Third Amended Complaint*, Plaintiff alleges violations of Title VII and the Civil Rights Act of 1964.  Pursuant to "Count One" Plaintiff alleges: "(i) Gender Discrimination-Disparate Treatment" and "(ii) Gender Discrimination: Violations of Equal Pay Act are also Violations of Title VII." (Pl's 3d

Am. Compl. ¶¶ 24, 34).   Plaintiff objects to the magistrate judge's analysis of the Title

VII disparate treatment claim.  Plaintiff argues that she was subject to disparate treatment

in terms of her workload, compensation, and termination.   Plaintiff also  objects that

the magistrate adopted an incorrect burden of proof standard for her retaliation claims.

Plaintiff does not object to the magistrate's ruling on her Title VII discriminatory

termination claim.  The Court will therefore consider Plaintiff's objections as to her Title

VII workload claim, her Title VII and Equal Pay Act compensation claims, and as to her

Title VII and EPA retaliation claims, each in turn.

1.      **Workload**

Disparate treatment in violation of Title VII is deliberate discrimination with

respect to "compensation, terms, conditions, or privileges of employment" on account of

a person's race, religion, national origin, or gender.  *See* 42 U.S.C. § 2000e-2.  The *prima*

*facie* elements of a Title VII claim for disparate treatment are: (1) that a plaintiff is

member of a protected class under Title VII; (2) plaintiff was qualified for the job; (3)

plaintiff *suffered an adverse employment action*; and (4) others similarly situated were

treated more favorably.  *Okoye v. Univ. of Texas Houston Health Science Center*, 245

F.3d 507, 513 (5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d

398, 404 (5th Cir. 1999)).   To be an adverse employment action, there must be an

"ultimate employment decision" as to such matters as "job duties, compensation, or

benefits."  *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (2004).

Plaintiff's testimony contradicts her claim that she suffered an adverse employment action that was the result of an "ultimate employment decision" regarding her workload.  (Minor Dep. 101:21–102:10).  Specifically, Plaintiff's testimony refutes that she was specifically *assigned* a larger workload by her superiors or that her superiors refused to offer help.  For instance, Plaintiff stated in her deposition that "[n]owhere did it say, okay, you will finish every single task on the – on the assignment list, you know, *but that's the way it became.*"  (Minor Dep. 102:15–17).  Plaintiff produces no evidence that her increase in workload was a result of an "ultimate employment decision" of the type that constitutes an "adverse employment action."  Plaintiff indicated that she wanted the specific task she had been assigned, but that the assignment later *became* too much work.  Plaintiff also indicates that, when she expressed concerns about her heavy workload to her superior, other employees were assigned to assist her.  (Minor Dep. 102:15–103:5; LeBeuf Dep. 76:19–77:25).

Merely changing an employee's hours or workload or making other similar administrative decisions, without more, does not constitute an adverse employment action under Title VII. *See Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir. 1998), *cert. denied*, 526 U.S. 1065 (1999).  While there may be little doubt that Plaintiff worked long hours, there is no evidence that Alcatel ever made the decision to increase Plaintiff's workload or instituted a requirement that she work any more hours than anyone else on the LAN services team.  Because plaintiff fails to produce evidence that would establish that her work load represented an "ultimate employment decision" on the part of her

employer, Plaintiff has failed to establish a *prima facie* case of disparate treatment on the basis of her workload.

###### 2.      Compensation

Plaintiff also objects to the Report's analysis of her Title VII and Equal Pay Act ("EPA") compensation claims.  Under Title VII, Plaintiff, a member of a protected class, must demonstrate that she was paid less than a nonmember for work requiring substantially the same responsibility.  *See Runnels v. Texas Children's Hosp. Select Plan*, 167 Fed. App'x 377, 384 (5th Cir. 2006) (citing *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984)).  Under the EPA, Plaintiff must demonstrate that she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions, and was paid less than the employee of the opposite sex providing the basis of comparison.  *Jones v. Flagship Int'l*, 793 F.2d 714, 722–23 (5th Cir.1986), *cert. denied*, 479 U.S. 1065 (1987).  The EPA provides for an exception to equal wages "where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex."  29 U.S.C. § 206(d)(1).  These exceptions are affirmative defenses, and once the plaintiff has established her *prima facie* case, the burden of proving one of these defenses belongs with the Defendant.[1]  *See Siler-Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001).  Title VII

---

[1]  Plaintiff initially objects that the magistrate judge failed to apply the proper burden of proof. The magistrate recognized, however, that Alcatel bore the burden of proof on its affirmative defenses when he concluded that Alcatel had "met its burden in establishing its affirmative defense." (Report at 10.)

incorporates the four exceptions of the Equal Pay Act.  *Id*; *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983).

Minor objects that the magistrate judge failed to find that she had made a *prima facie* case as to her Title VII wage discrimination and EPA claims.  Plaintiff argues that the magistrate judge's Report erred by not finding that Plaintiff performed "equal work" on jobs requiring equal skill, effort, and responsibility as the jobs performed by Minor's peers.  The Report did not engage in an in-depth factual analysis of the responsibilities of each of Plaintiff's coworkers, however, because the magistrate judge recognized that the fate of the Title VII and EPA claims could be determined more efficiently by analyzing whether the Defendant had met its burden of production as to its affirmative defenses and, if so, whether Plaintiff had successfully established a genuine issue of material fact as to each of the defenses.

To that end, Plaintiff objects that Defendant did not meet its burden of proof as to its affirmative defenses under the EPA.  Alcatel asserts as its defense under the EPA exceptions that Minor's pay differential was based on factors other than sex, including previous work experience, salary history, and market value of skills.

Plaintiff objects that Alcatel's justification of its decision to pay Plaintiff based on her salary history and market value is a "market forces" argument that is foreclosed by the Fifth Circuit's decision in *Hodgson v. Brookhaven General Hospital*, 436 F.2d 719, 726 (5th Cir. 1970), and *Siler-Khodr*, 261 F.3d at 549.  Plaintiff's reliance on these cases is misplaced.  Both *Hodgson* and *Siler-Khodr* concluded that an employer's "market

forces" justification cannot rest on an argument that the market salary for *women* is less than the market salary for *men* of for jobs with similar duties and requiring equal skill. *Hodgson*, 436 F.3d at 726 (holding that market forces argument not valid where male orderlies and female nurses aids had same skills and performed similar tasks); *Siler-Khodr*, 261 F.3d at 549 (holding that market forces justification not tenable where the effect is to perpetuate discrimination); *see also Brennan v. City Stores, Inc.*; 479 F.2d 235, 241 n.12 (5th Cir. 1982) (stating that factors other than sex such as "the tighter market for salesmen and male tailors" does not justify "its hiring of men with such skills at a rate higher than that paid to obtain women of similar skills").  In contrast, "[a]n employer may consider the market place value of the *skills* of a particular individual when determining his or her salary." *E.E.O.C. v. TXI Operations, L.P.*, 394 F. Supp. 2d 868, 879 n.11 (N.D. Tex. 2005) (quoting *Horner v. Mary Inst.*, 613 F.2d 706, 714 (8th Cir.1980); citing *Brennan*, 479 F.2d at 241 n.12).  The only occasion where "market forces" may not be considered is when the "market forces" at play distinguish between the *genders* of applicants with *similar skills*. *See TXI Operations*, 394 F. Supp. 2d at 879 n.11.

Here, Alcatel's evidence indicates Plaintiff's comparators were hired at different starting salaries, by different managers, and at different times.  Alcatel utilized salary ranges, based in large part on the results of market salary surveys, to position employee salaries according to the view of the value of their *skills* and *experience* in the market. (Bagherian Dep. 49:5-9; 28:24-29).  Further, Alcatel provides the relevant personnel

records to support the contention that each person to whom Plaintiff compares her salary was offered a salary consistent with his or her skills and prior work experience.  This evidence confirms that no comparator was hired with the same experience or the same skills as any other comparator, and it does not appear that any variable in market forces is related to any factor other than a person's skills.  Plaintiff fails to produce any evidence that creates an issue as to whether Alcatel's market forces justification would violate the principles set out in *Hodgson* and *Siler-Khodr*.

Plaintiff also fails to produce evidence that calls into doubt Alcatel's proof that it relied on factors other than sex in determining a person's salary.  Nevertheless, in an effort to raise genuine issues of fact as to Alcatel's affirmative defenses, Plaintiff argues that experience, performance,[2] certifications, educational attainment, salary history or hiring process, and market forces cannot account for the pay disparity.  Notably, Alcatel only asserted that *previous experience*, *salary history*, and *market value of skills* accounted for the pay differentials.  As discussed, Plaintiff's effort to raise issues as to Alcatel's affirmative defense as to *market forces* is misplaced.

As to *previous experience*, Minor argues she had three more years of experience than the average of the seven similarly situated male colleagues in her work group.  This

---

[2]  The Plaintiff provides a chart to demonstrate the existence of a disparity in pay despite receiving performance evaluations that were the same or better as compared with her counterparts.  Alcatel does not assert that performance accounts for the pay disparity.  Further, Alcatel alleges this chart incorporates Vaneskahian and Bush, individuals whom Minor did not consider to be her "peers," purports bonuses that were not accounted for on her employment application, omits Boutte's and Weiss's pre-Alcatel salary, and omits Petitto entirely.  (Minor Dep. 126:7-16; Bagherian Dep. 114:15-22, Ex. 3).

argument fails.  Plaintiff's "average" ignores the variables laid out in Alcatel's market skills assessment.  Further, Flint and Burnett, males with the most seniority, were paid less than other employees with much shorter tenure.  Flint had 25 years of work experience, 22 of which was with Alcatel, yet he was the third highest-paid person in LAN Services.  (Def's App. 246, 249–50).  Burnett had fifteen years of experience with Alcatel but was only the sixth highest paid in 2004.  (Def.'s App. 204).

As to *salary history*, Plaintiff argues that if this argument were true, Minor should have been earning in the range of what Jean Vaneskahian was earning.  Minor has not identified Vaneskahian, however, as a comparator.  (Minor Dep. 149:3–9).  In any event, Plaintiff argues that she and Vaneskahian were earning approximately $50,000 at Ajilon and that Vaneskahian earned $10,000 more than she did when hired by Alcatel.  Minor's employment application indicated she earned a base salary of $42,500, not $50,000.  (Pl's Employment Application, App. 182; Pl's App. 427).  Further, Vaneskahian held a higher position at all relevant times and received two promotions before Minor's in 2000.  Accordingly, Minor has failed to raise a genuine issue of material fact as to Alcatel's affirmative defense, and as such, summary judgment is appropriate as to Minor's Title VII wage discrimination and EPA claims.

Finally, as to Minor's Title VII wage discrimination claim, in addition to showing a disparity in pay, Plaintiff must prove discriminatory *intent* on the part of Alcatel.  *See Plemer*, 713 F.2d at 1135 (citing *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)); *Johnson v. Uncle Ben's, Inc.*, 657 F.2d 750, 753 (5th Cir. 1981), *cert. denied*,

459 U.S. 967 (1982).    In other words, if Alcatel is able to state a legitimate, non-discriminatory reason for the employment action, Minor is left to prove that Alcatel acted with discriminatory intent. *Hofmeister v. State Dep't of Health*, 53 F. Supp. 2d 884 (S.D. Miss. 1999) (citing *Plemer*, 713 F.2d at 1131–32).    There is no evidence of discriminatory intent or a pattern or policy of discrimination based on compensation before the Court.    Though Lebeuf had knowledge of Plaintiff's disparity in pay, knowledge does not equate to intent.    To the contrary, the undisputed evidence shows Lebeuf increased Minor's salary after he became aware of Minor's disparity in pay. (Lebeuf Dep. 119:24–120:16; Bagherian Dep. Ex. 17).    Further, despite salary freezes imposed by Alcatel in 2002, 2003, and part of 2004, Plaintiff received a 5.2 percent pay increase, which was the second highest increase of any employee in the group. (Bagherian Dep. 54:24–55:5; Ex. 17).    Accordingly, there is no genuine issue of material fact as to whether Alcatel intended to discriminate against Minor as to her compensation.

### 3.    Retaliation

Finally, Plaintiff objects to the magistrate judge's use of the but-for standard of causation articulated in the Report on her Title VII retaliation claims.    Though the Supreme Court has provided for a "motivating-factor" analysis in the context of certain discrimination claims, the Fifth Circuit does not appear to have extended the "mixed-motive" holdings in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), and *Rachid v. Jack in the Box, Inc.,* 376 F.3d 305 (5th Cir.2004), to Title VII *retaliation* claims. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 607 n.7 (5th Cir. 2005) (refusing to decide

whether *Desert Palace* or *Rachid* affect the legal standard for Title VII retaliation claims); *Staten v. New Palace Casino, LLC*., 187 Fed. App'x 350, (5th Cir. 2006) (same). Accordingly, the Court reserves ruling on this matter until trial.

**CONCLUSION**

Based on the foregoing, and pursuant to the Report and Recommendation filed in this matter, it is, hereby

**ORDERED** that Defendant's Motion for Summary Judgment on Plaintiff's discrimination and compensation claims is **GRANTED** and that Defendant's Motion for Summary Judgment as to Plaintiff's retaliation claims is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of May, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE