IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CINDY MINOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:05cv 339 |
| | § | |
| ALCATEL USA RESOURCES, INC | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

TO THE HONORABLE COURT:

NOW COMES, Plaintiff Cindy Minor ("Plaintiff" or "Minor") and files this Motion for Attorney's Fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 20 U.S.C. §1132(g). In support thereof, Plaintiff respectfully shows the Court the following:

### I.

### MINOR PREVAILED AT TRIAL

1. A jury trial was held in this case beginning May 21, 2007 and concluded on May 24, 2007 when the jury rendered a verdict in favor of Plaintiff Cindy Minor, and against Defendant Alcatel USA Resources, Inc. This case proceeded to jury trial under two claims: (i) retaliation under the Equal Pay Act ("EPA") and (ii) retaliation under Title VII. The jury found that Alcatel terminated Minor because she engaged in protected activity under the Equal Pay Act ("EPA") or Title VII. The jury awarded $50,000.00 in compensatory damages and $350,000.00 in punitive damages to Minor.

The parties stipulated to five months of back pay in the amount of $33,000.00. On October 23, 2007, this Court entered a written Judgment.

2. Plaintiff brings this Motion for Attorney's Fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, 29 U.S.C. 216(b) (EPA) and 42 U.S.C. § 2000-e-5(k) (Title VII).

3. Plaintiff requests the Court to award $232,301.25 in attorney's fees and $12,280.93 in non-taxable expenses, for a total fee award of $244,582.18. In addition, Plaintiff requests $52,500 in appellate attorney's fees in the event Defendant appeals to Fifth Circuit and is unsuccessful. *See e.g. Webb v. Abbruzzese*, No. 4:02-CV-5, 2003 U.S. Dist. LEXIS 13339 at *8 (E.D. Tex. August 1, 2003).

4. In support of this Motion for Attorneys Fees, attached hereto and fully incorporated herein as Exhibit "A" is the Declaration of Barbara T. Hale, detailing Plaintiff's claim for attorneys' fees and the legal services provided over a period of approximately two years. Counsel for Plaintiff spent a total of 966.95 hours in attorney time on this case.

## II.

### MINOR IS ENTITLED TO ATTORNEYS' FEES PURSUANT TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

5. Title VII permits a federal court, in its discretion, to award reasonable attorneys fees (including expert costs) as part of the costs to the prevailing party in an action brought pursuant to Title VII. 42 U.S.C. §2000e-5 (k). The EPA requires that a prevailing plaintiff be awarded reasonable attorney's fee and costs. 29 U.S.C. §216(b).

## III.

## MINOR'S ATTORNEYS' FEES ARE REASONABLE AND NECESSARY

*A.     Attorney's Fees*

6.     To determine the reasonable and necessary attorney's fees to be awarded, courts calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). Next, courts consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717-19.

7.     The two primary attorneys representing Plaintiff in this case are Nellie G. Hooper and Barbara T. Hale. Ms. Hooper is board certified by the Texas Board of Legal Specialization in labor and employment law. Ms. Hooper charges $275.00 per hour for legal work of the type in this litigation. Ms. Hooper has been licensed to practice law in Texas for over 10 years, and her practice focuses in the area of employment litigation.

8. Ms. Hale charges $250.00 per hour, and has been licensed to practice law in Texas for approximately eight years, with most of her experience focused on commercial litigation with an emphasis in employment law.

9. This litigation spanned almost two years, and involved many complicated legal issues relating to Title VII and the EPA. Plaintiff's counsel agreed to represent Plaintiff on a contingent-fee basis. Although Plaintiff did not prevail on all of her claims, the requested attorney's fees should be fully compensated based on the results obtained. *See Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983) ("A fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.") In Addition, the claims for retaliation on which Plaintiff prevailed were so factually intertwined with the Title VII and EPA claims that it would be difficult, if not impossible, to segregate the fees. All of the time spent in appealing the magistrate's recommendation on summary judgment, even though not successful, was necessary in order to preserve all points on an appeal, if there should be an appeal.

## B. *Expenses*

10. In addition to the requested attorney's fees, Plaintiff's counsel seeks reimbursement of $12,280.93 in non-taxable expenses associated with the litigation. Title VII empowers a court to award reasonable "out-of-pocket" expenses incurred by attorneys that are normally passed along to the client. 42 U.S.C. §2000e-5(k); *Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 557 (5th Cir. 1987). Where such costs are reasonable, a court has discretion to award them. The fee statements attached hereto reflect the itemization of out-of-pocket costs for postage, expert witness fees, mediation fees, videographer deposition fees, on-line legal research, supplies, lodging, meals and

mileage for trial. It is noteworthy, that it is not the practice of the Plaintiff's counsel to charge for faxes, copies, or long distance charges, so those types of charges are excluded.

## V.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Motion for Attorneys' Fees be granted, and the Court order that Alcatel pay attorneys' fees to Plaintiff in the sum of $232,301.25, non-taxable expenses in the amount of $12,280.93, for a total fee award of $244,582.18, an additional $52,500 in appellate attorney's fees in the event of an unsuccessful appeal by Defendant, and grant Plaintiff all such further relief to which she is justly entitled.

Respectfully submitted,

**BLANSCET SUTHERLAND HOOPER & HALE, L.L.P.**

*/s/ Barbara T. Hale*
BARBARA T. HALE
State Bar No. 24012762
NELLIE G. HOOPER
State Bar No. 00798211
14285 Midway Road, Suite 400
Addison, Texas 75001
(214) 764-7973
(214) 764-7981 Telefax

ATTORNEYS FOR PLAINTIFF
CINDY MINOR

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record through the court's CM/ECF system on this 25 day of October, 2007, as follows:

> Ellen L. Perlioni
> Baker & McKenzie LLP
> 2300 Trammell Crow Center
> 2001 Ross Avenue
> Dallas, TX 75201

/s/ Barbara T. Hale
Barbara T. Hale